# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>**Dwight Lee Lemmons,**<br><br>                    Debtor. | **Bankruptcy Case<br>No. 16-40776-JMM** |
| **R. Sam Hopkins, Trustee,**<br><br>                    Plaintiff,<br><br>v.<br><br>**Freedom Mortgage Corp., a New Jersey corporation and Chicago Title Insurance Co., an Idaho corporation, and Mortgage Electronic Registration Systems, Inc., solely as nominee for Freedom Mortgage Corp., a New Jersey corporation,**<br><br>                    Defendants. | **Adv. Case No. 18-8022-JMM** |

## MEMORANDUM OF DECISION

**Appearances:**

    Heidi Buck Morrison, RACINE OLSON, PLLP, Pocatello, Idaho, Attorney for Plaintiff.

    Loren Ipsen, ELAM & BURKE, P.A., Boise, Idaho, Attorney for Defendants.

MEMORANDUM OF DECISION − 1

*Introduction*

In its adversary complaint, the chapter 7[1] trustee, R. Sam Hopkins ("Plaintiff"), seeks to avoid the post-petition lien of creditor Freedom Mortgage Corporation ("Freedom") and to recover the property for the benefit of the estate. Dkt. No. 1. On June 19, 2019, Plaintiff filed a motion for summary judgment, to which Defendants filed an opposition, after which the matter was fully briefed. Dkt. Nos. 48, 53, 55–57, and 59. The Court conducted a hearing on the motion on July 18, 2019, and thereafter took the matter under advisement. Having now considered the briefing and oral argument presented, as well as the applicable law, the Court issues the following decision which resolves the motion. Fed. R. Bankr. P. 7052; 9014.

*Undisputed Facts*

Debtor Dwight L. Lemmons ("Debtor") and his late wife, Estella, owned a parcel of real property located at 1252 North Hayes in Pocatello, Idaho (the "Property"). In July 2016, the Property was refinanced via a promissory note in the principal amount of $84,084 ("July Note"), which was secured by a deed of trust in favor of Freedom and naming Chicago Title as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary for Freedom ("July DOT"). Dkt. No. 1 at Exs. A,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION − 2

B. Both were executed on July 6, 2016, and the July DOT was recorded in Bannock County, Idaho, on July 13, 2016. *Id*.

On August 22, 2016, Debtor filed a chapter 7 petition.[2] BK Dkt. No. 1. In his schedules, he listed the Property[3] as an asset, and indicated Freedom was a secured creditor as to that asset. *Id.* Freedom was notified of the bankruptcy upon being sent a notice of the date set for the meeting of creditors. BK Dkt. No. 13.

On December 6, 2016, post-petition, Debtor refinanced the July Note by obtaining a loan from Freedom in the principal sum of $84,389 ("Dec. Note"), and securing the debt with a deed of trust in favor of Freedom and again naming Chicago Title as trustee and MERS as nominee beneficiary ("Dec. DOT"). Dkt. No. 1 at Ex. C. That trust deed was recorded on December 15, 2016. *Id.* In connection with the Dec. Note, Debtor indicated that "no bankruptcy proceeding has been filed or currently exists involving any owner except as cited in the Title, nor does any owner intend to file for bankruptcy." Dkt. No. 57-4 at ¶ 6. A deed of reconveyance was recorded on December 28, 2016, satisfying the lien established by the July DOT. *Id.* at Ex. D.

On May 8, 2018, Plaintiff commenced this adversary proceeding against Defendants. Dkt. No. 1. Less than two weeks later, on May 20, 2019, Debtor refinanced

---

[2] *In re Lemmons*, 16-40776-JMM. Debtor's wife, Estella, was not a joint debtor in the bankruptcy case, and she passed away on March 5, 2019. Dkt. No. 48-4.

[3] Estella quitclaimed her interest in the Property to herself and the Debtor jointly on April 11, 2013. Dkt. No. 48-2 at Ex. E.

MEMORANDUM OF DECISION − 3

the Property yet again. He executed a deed of trust in favor of Wintrust Mortgage, naming MERS as nominee beneficiary and Fidelity National Title Insurance Company as the trustee. Dkt. No. 59 at Ex. A. On June 18, 2019, a deed of reconveyance was recorded which indicated the Dec. DOT had been paid in full. *Id.* at Ex. B. The bankruptcy case has remained open from the petition date through the present, thus both refinances and reconveyances occurred post-petition and while the Property was still part of the bankruptcy estate.

Plaintiff now seeks to avoid Freedom's lien created by the Dec. DOT.

### *Analysis and Disposition*

A. Summary Judgment Standard

The Ninth Circuit Bankruptcy Appellate Panel recently summarized the standard to be applied to motions for summary judgment:

> Summary judgment should be granted when there are no genuine issues of material fact and when the movant is entitled to prevail as a matter of law. Civil Rule 56(a) (made applicable in adversary proceedings by Rule 7056). In resolving a summary judgment motion, the court does not weigh evidence, but rather determines only whether a material factual dispute remains for trial. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997). A material fact is one that, "under the governing substantive law ... could affect the outcome of the case." *Caneva v. Sun Cmtys. Operating Ltd. P'ship (In re Caneva)*, 550 F.3d 755, 760 (9th Cir. 2008). "A genuine issue of material fact exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

*In re Hurley*, 601 B.R. 529, 534 (9th Cir. BAP 2019); *Herrera v. Scott (In re Scott)*, 588 B.R. 122, 128 (Bankr. D. Idaho 2018).

MEMORANDUM OF DECISION − 4

B.  Avoidance Under § 549

Section 549 of the Code governs post-petition transactions.  It provides, as relevant here, that a trustee may avoid a transfer of estate property that occurs after the commencement of the case and that is not authorized by the Code or the court.  § 549(a).  The trustee[4] must prove "a transfer (1) of estate property; (2) that occurred after the commencement of the case; and (3) that was not authorized by statute or the court."  *Woods & Erickson, LLP v. Leonard (In re AVI, Inc.),* 389 B.R. 721, 728 (9th Cir. BAP 2008).  However, post-petition transfers to subsequent good faith purchasers without knowledge of the bankruptcy case who give fair equivalent value may not be avoided.  §549(c).

In *Hopkins v. Suntrust Mortg., Inc. (In re Ellis)*, 441 B.R. 656 (Bankr. D. Idaho 2010), this Court considered a motion for avoidance under nearly identical facts.  In that case, the debtors refinanced their debt secured by a deed of trust about a month after filing their bankruptcy petition, using the same mortgage company as they had for the pre-petition deed of trust.  They did not seek permission of the trustee or the Court, and the trustee sought to avoid the transfer under § 549(a).

The Court concluded the creation of the post-petition lien constituted a "transfer" of estate property within the meaning of § 549, as § 101(54) specifically includes the creation of a lien within the definition of "transfer."  *Id.* at 661.  Because the debtors in

---

[4] Rule 6001 allocates the burden of proof to the trustee.

MEMORANDUM OF DECISION − 5

*Ellis* transferred a new mortgage to their lender post-petition, without the authorization of the trustee or the court, the requirements for avoidance of the transfer under § 549(a) were met. *Id*. at 663.

The same is true here. Debtors' post-petition refinance of their pre-petition debt secured by the deed of trust resulted in the transfer of a new deed of trust and accompanying lien to Freedom, and was done without trustee or court authorization. Decl. of R. Sam Hopkins, Dkt. No. 48-2 at ¶ 7. Accordingly, under § 549(a) and *Ellis,* the elements necessary for lien avoidance have been demonstrated.

As noted above, the Code provides a defense when subsequent transferees are good faith purchasers without knowledge of the bankruptcy case who give fair equivalent value. § 549(c). However, as in *Ellis*, Freedom was the mortgage company for the pre-petition transaction, and as such received notice of the Debtor's bankruptcy. Indeed, Freedom is listed as a secured creditor on schedule D, and is included on the creditor matrix. Dkt. No. 1. As such, "[b]ecause it had actual, pre-lien-creation knowledge of the commencement of Debtor['s] bankruptcy case, [Freedom] does not qualify as a good faith transferee under § 549(c)." *Ellis*, 441 B.R. at 665.

The Court concludes that no material facts are in dispute, and the elements for lien avoidance under § 549(a) have been met. Thus, summary judgment is properly granted on the lien avoidance issue. However, in addition to avoidance, Plaintiff's complaint seeks recovery for the benefit of the estate.

MEMORANDUM OF DECISION − 6

C.  Recovery Under § 550

Section 550 of the Code provides:

to the extent that a transfer is avoided under section … 549 … of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from … the initial transferee of such transfer or the entity for whose benefit such transfer was made[.]

As pointed out in *Ellis,* § 550 is designed to place the bankruptcy estate in the financial condition that it would have been in had the avoided transfer not occurred. *Ellis,* 441 B.R. at 666 (citing *USAA Fed. Sav. Bank v. Thacker (In re Taylor),* 599 F.3d 880, 890 (9th Cir. 2010)).  In *Ellis*, this Court observed that had the debtors not transferred the lien to the mortgage company, and due to the relinquishment of its pre-petition liens on the property, debtors' residence would have been available to the bankruptcy estate for liquidation and distribution to their creditors.  The Court was not persuaded by the mortgage company's argument that it would not have released the liens had it known of the bankruptcy filing, and thus to place the property back in its pre-petition condition, the original liens must be reinstated.  It held that "[w]here transferees have pre-transfer knowledge of the bankruptcy case, such as here, the Court declines to exercise its discretion to favor the interests of a wrong-doing transferee over those of the other creditors of the bankruptcy estate." *Id.* at 667.  This Court sees no reason to deviate from that holding.

During oral argument on the motion, Freedom contended that because Debtor and his wife refinanced the mortgage a second time following the bankruptcy filing, then

MEMORANDUM OF DECISION – 7

Plaintiff must bring that subsequent transferee into this adversary proceeding in order to apportion full relief. In essence, because the lien established by the Dec. DOT was satisfied and extinguished by virtue of the trust deed executed in May 2019 along with the accompanying the deed of reconveyance, Freedom argues that it has no lien to avoid, and thus summary judgment may not be entered against it. The Court disagrees.

Once the trustee establishes a prima facie case for avoidance under § 549, to the extent the transfer is avoided, §§ 550(a)(1) and (a)(2) permit the trustee to recover the property transferred or the value of such property from the initial transferee or any subsequent transferee, bearing in mind that the trustee is limited to a single satisfaction of the transfer under § 550(e).

The Ninth Circuit Bankruptcy Appellate Panel ("BAP") has held that a trustee need not avoid a transfer from the initial transferee under § 549 before seeking to recover from a subsequent transferee under § 550. To hold otherwise "conflates [the Code's] avoidance and recovery sections." *In re AVI, Inc.*, 389 B.R. at 734. In so holding, the BAP stated that "a trustee who demonstrates that a transfer is avoidable 'may seek to recover against any transferee, initial or immediate, or an entity for whose benefit the transfer is made.'" *Id.*; *see also Matter of Walldesign, Inc.*, 872 F.3d 954, 962 (9th Cir. 2017) (When a trustee has proven the avoidability of a transfer, the Ninth Circuit has interpreted § 550(a) to provide trustees "an absolute right of recovery against the 'initial

MEMORANDUM OF DECISION − 8

transferee' and any 'entity for whose benefit such transfer was made.'") (quoting *Danning v. Miller (In re Bullion Reserve of N. Am.)*, 922 F.2d 544, 547 (9th Cir. 1991)).[5]

In this case, the Plaintiff in his complaint and motion established that avoidability is appropriate. The unilateral act of Defendants agreeing to release the lien after the complaint was filed, without more, does not relieve it of its liability under § 550. Accordingly, because Plaintiff has shown that the Dec. DOT is avoidable, it may seek to recover from Freedom, the initial transferee, or Wintrust Mortgage, the immediate transferee. Nothing in the Code or case law requires him to seek recovery from *all* transferees. Moreover, even though trustees "'[t]heoretically' can recover from subsequent transferees as well, subsequent transferees who accepted the property 'for value, in good faith, and without knowledge' of the voidability of the transfer may avail themselves of the 'good faith' defense of section 550(b)." *Walldesign,* 872 F.3d at 962.

Because the Plaintiff has demonstrated the avoidability of the transfer to Defendant by virtue of the Dec. DOT, he is entitled to recover from Freedom either the property or the value of the property transferred under § 550. In his complaint, Plaintiff specifically seeks to recover the property, and makes no demand for the value of the lien. *See* Dkt. No. 1 at ¶ 21. However, the failure to pray for relief in the alternative is not

---

[5] The cited cases involve fraudulent transfers, but the Code does not differentiate between the bases for avoidance when permitting recovery under § 550.

MEMORANDUM OF DECISION − 9

prejudicial to the Plaintiff here. Section 550 provides that the trustee may recover the property, "or, *if the court so orders*, the value of such property." (emphasis added).

> Thus, the bankruptcy court may award the trustee (1) the actual property, or (2) the value of the property. The statute does not explain when a court should award the trustee recovery of the actual property and when it should, in the alternative, award the trustee recovery of the value of the property. The statute states only that a court must issue a "single satisfaction." 11 U.S.C. § 550(d). Bankruptcy courts have discretion whether to award recovery under § 550, even when the transferred property is a lien. *E.g., Rodriguez v. Drive Financial Services, LP* (*In re Bremer*), 408 B.R. 355, 359 (B.A.P. 10th Cir. 2009). If a bankruptcy court permits the trustee recovery, the court has discretion whether to award the trustee recovery of the property transferred or the value of the property transferred. *Id.*

*In re Taylor*, 599 F.3d 880, 890 (9th Cir. 2010).

Because the Code clearly provides this Court discretion to determine the form of relief Plaintiff may recover, the Court may award the value of the lien rather than the property itself, despite the adversary complaint not specifically seeking such relief.

Having determined that it may award the value of the transfer, the Court must next consider what that value is. The Code provides no guidance on what value the Court should place on the transfer. However, the Court has considered this issue in prior cases, and concluded that it "ordinarily determines the value of the property to be the value at the time of the transfer, but has discretion on how to value the property so as to put the estate in its pretransfer position." *In re Parker*, No. AP 16-8004-JDP, 2016 WL 6783222, at *5 (Bankr. D. Idaho Nov. 15, 2016) (citing *Joseph v. Madray (In re Brun)*, 360 B.R. 669, 674 (Bankr. C.D. Cal. 2007); *Riske v. The David Austin Seitz Irrevocable Tr. (In re Seitz)*, 400 B.R. 707, 722 (Bankr. E.D. Mo. 2008) (noting that, typically,

MEMORANDUM OF DECISION − 10

"courts equate 'value' with the fair market value of the subject property at the time of the transfer.")). In this case, the Dec. Note and Dec. DOT attached to the complaint indicates the value of the lien was $84,389. Dkt. No. 1 at Ex. B. It is this value that the Court concludes Freedom must turn over to Plaintiff pursuant to § 550.

D. Defenses

In its briefing and during oral argument, the Defendants raise a number of defenses. Dkt. No. 55. For example, they contend Debtors were untruthful in their documents supporting the Dec. Note and Dec. DOT in which they indicated they had not filed for bankruptcy. However, Defendants readily overlook the fact that they received *actual* notice of the bankruptcy filing, as they were included on the creditor matrix and were notified of the meeting of creditors. Additionally, Defendants could have easily protected their interest by a PACER search which would have revealed Debtor's bankruptcy filing. As this Court noted in *Ellis*, "Section 550 is more protective of the estate than of transferees, and the Court is not inclined to allow Suntrust to benefit from an unauthorized post-petition transfer when it could have so easily protected its interests." 441 B.R. at 667.

Next, Defendants argue that avoidance will deprive Debtor of his homestead and leave him homeless. The Court understands Defendants' concern, because, practically speaking, unauthorized transfers by debtors in bankruptcy are a risky endeavor, as they may jeopardize their homestead exemption as well as their ability to retain their home. For example, in *Ellis,* after the trustee avoided the lien and recovered the property for the

MEMORANDUM OF DECISION − 11

benefit of the bankruptcy estate, the trustee sold the home over the debtors' objection. *See In re Ellis,* 08-41299-JDP at Dkt. Nos. 55, 69. Nevertheless, despite these potential risks to Debtor, Defendants do not have standing to assert his interests in this action. Debtor has bankruptcy counsel who will see to his representation.

Defendants also argue that Debtor's late wife's estate must be joined into this proceeding. The Court disagrees. Avoidance under § 549 invokes a rather narrow focus. As the BAP wrote, § 549 "focuses on the transfer and contains nothing that defines the proper defendant. Avoidability is an attribute of the transfer and not the party." *In re AVI, Inc.,* 389 B.R. at 733 (citing *Kendall v. Sorani (In re Richmond Produce),* 195 B.R. 455, 463 (N.D. Cal. 1996). Whether or not other parties may be affected by the unauthorized post-petition transfer is irrelevant to whether such transfer may be avoided.

Defendants further suggest that the Court should exercise its equitable powers under § 105 to accord Defendants some relief, largely because the Dec. Note and DOT netted Debtor very little gain, but will cost Defendants considerably. The Defendants in *Ellis* similarly advanced pleas for equitable relief, and, as noted above, this Court rejected those arguments, holding that "[w]here transferees have pre-transfer knowledge of the bankruptcy case, such as here, the Court declines to exercise its discretion to favor the interests of a wrong-doing transferee over those of the other creditors of the bankruptcy estate." *Ellis*, 441 B.R. at 666. Because the facts of *Ellis* are so similar to those presented here, this Court declines to divert from that holding.

Defendants further contend that the Court should use its equitable powers to reinstate the pre-petition deed of trust. However, this Court likewise considered this argument in *Ellis,* and rejected it, concluding that § 105(a) is limited to implementation of specific provisions of the Code. 441 B.R. at 666. And because § 550 is "limited to the recovery of transferred property, use of the Court's equitable powers to reinstate Suntrust's mortgages in this context would not implement the provisions of § 550." *Id.*

Finally, Defendants contend that Freedom should be entitled to remain a secured creditor following this decision. While the Court recognizes that the lender in *Ellis* ended up as an unsecured creditor, the Court concludes this issue is not before the Court today, and declines to address it at this juncture.[6]

/ / / / /

/ / / / /

---

[6] Defendants may be entitled to other remedies, but consideration of such is not before the Court pursuant to this adversary complaint.

MEMORANDUM OF DECISION − 13

*Conclusion*

The Court concludes there are no material facts in dispute, and they demonstrate, as a matter of law, that the post-petition deed of trust executed by Defendants is avoidable, and Plaintiff is entitled to recovery under § 550. Accordingly, summary judgment is granted in favor of Plaintiff. Moreover, because of the subsequent deed of trust executed by Debtors, the Court, in its discretion, concludes that Plaintiff should recover the value of the lien, in the amount of $84,389, as opposed to the property itself.

A separate order will be entered.

DATED: August 13, 2019

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE